HEKKEMA *v.* KALAMAZOO CIRCUIT JUDGE.

DIVORCE — EQUITY — VACATING DECREE — MARRIAGE — DEFAULTS— IRREGULAR JUDGMENT—LEAVE TO OPEN.

Where the plaintiff in divorce proceedings entered a decree *pro confesso*, upon failure of the wife to file an answer to the bill within the required period, and the solicitor for complainant thereafter without notice to defendant or her solicitor entered a default, took proofs in the case and procured a decree of divorce on the ground of extreme cruelty, and where complainant within a year remarried after notifying his solicitor that he intended so to do, the court did not abuse its discretion in entering an order opening the default, permitting the defendant to file an answer, that set up a meritorious defense to the bill for divorce, and vacating the decree: a fair inference from the record being that defendant did not unreasonably delay after having information that the decree was entered against her in the suit, and that she had acted as soon thereafter as she was able to do so.

Mandamus by Hiram H. Hekkema against Nathaniel H. Stewart, circuit judge for the county of Kalamazoo, to compel respondent to vacate an order opening a default and setting aside a decree of divorce. Submitted November 20, 1914. (Calendar No. 26,076.) Writ denied March 18, 1915.

*D. O. French,* for relator.
*Jackson & Fitzgerald,* for respondent.

PER CURIAM.   Application is made for a writ of mandamus to require respondent to set aside a certain order vacating and setting aside defendant's default *pro confesso,* and a decree entered against defendant and giving leave to file an answer to the bill of complaint in a certain cause for divorce instituted in the circuit court for Kalamazoo county, in chancery, wherein Hiram H. Hekkema, the relator, was complainant, and Amanda M. Hekkema, his wife, defendant.

This record shows that these divorce proceedings were begun November 11, 1912, and service of subpœna was had and defendant's appearance entered on November 14th following, and a copy of the bill duly served on defendant November 20th. On February 24, 1913, complainant, without notice to defendant, or her solicitor, entered her default, took proofs in the case, and on the same day was granted a decree of divorce against defendant for extreme cruelty, in which the sum of $2 was allowed in lieu of all alimony and rights against complainant. This is the decree which respondent vacated and set aside because of irregularities in taking the same.

The record shows that on December 23, 1913, the defendant, Amanda M. Hekkema, filed her sworn petition setting up the foregoing facts, asking to set aside her default so entered and the decree granted against her, because they were irregular, proffering at the

same time a sworn answer to the bill of complaint in which she traversed and denied all the allegations contained therein. After a hearing the court granted the prayer of this petition, set aside said default, and vacated the decree, giving defendant leave to file her answer and proceed to a hearing. In the meantime relator, on November 27, 1913, entered into the marriage relation with another woman.

By these proceedings relator asks that by writ of mandamus respondent be compelled to set aside the order vacating the said order of default and the decree of divorce above mentioned. It is admitted on the part of relator that the order *pro confesso* and the decree were irregularly taken; that no notice thereof was given to defendant or her solicitors; and that they did not learn of it until some time after the same were entered.

The ground upon which this relief is asked is that the defendant was guilty of gross laches, negligence, and unreasonable delay in moving to set aside these irregular proceedings, and that the second wife was not made a party thereto. The record shows that defendant was a working woman earning about $3 per week and board; that she was in poor health and financially unable to proceed earlier. Respondent in his return found these facts, and further that the solicitor for relator admitted upon the hearing that he was notified on the day before relator married again that he intended to do so. Respondent also charges relator with knowledge of the irregularity of his decree before he was again married.

In our opinion the record before the respondent warranted the action he took in setting aside the order *pro confesso* and the decree in the instant case. The rules and practice of the courts are well known to practitioners. They are established to promote the orderly conduct of judicial proceedings and protect

parties litigant in their rights.  This defendant never had her day in court to make her defense to the charge made against her by petitioner in his bill of complaint, which from her proffered answer appears that she could have made.  It does not appear when she first learned a decree had been taken, but the fair inference from the record is that she acted as soon thereafter as she was able to do so.

The writ is denied, with costs against relator.